PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CLIFFORD MILLER, *et al.*, | ) |
| Plaintiffs, | ) CASE NO. 5:24CV1108 |
| | ) |
| | ) JUDGE BENITA Y. PEARSON |
| v. | ) |
| | ) |
| STATE OF OHIO, *et al.*, | ) **MEMORANDUM OF OPINION** |
| | ) **AND ORDER** |
| Defendants. | ) [Resolving ECF No. 4] |

*Pro Se* Plaintiffs Clifford Miller and Brittney Miller filed this fee-paid action against the State of Ohio, Adair Asset Management, Una Lakic, Judge Alison Breaux, Kristen M. Scalise, Sherri Bevan Walsh, Patrick Bravo, and Stephanie Antes concerning a state foreclosure action. *See* Complaint (ECF No. 1). Plaintiffs also filed a Motion for Temporary Restraining Order and Permanent Injunction (ECF No. 4), which includes a demand for an emergency hearing. For the following reasons, the Court denies ECF No. 4 and dismisses this action.

**I. Background**

The Complaint (ECF No. 1) contains very few facts. Although it does not refer to the specific foreclosure action at issue, the Summit County, Ohio Court of Common Pleas docket sheet shows that on December 21, 2023 a judgment of foreclosure for delinquent real estate taxes was entered against Plaintiffs in connection with Plaintiffs' property located in Akron, Ohio. *See Scalise v. Miller, et al.*, No. CV-2023-07-2651 (Summit County Ct. of Common Pleas filed July

(5:24CV1108)

25, 2023). An Order of Sale relating to the property was filed in the state case on April 30, 2024, and a Sheriff's Sale has been scheduled for July 9, 2024.[1]

In the Complaint (ECF No. 1) and Motion (ECF No. 4), Plaintiffs challenge the propriety of the foreclosure and Defendants' conduct in bringing the state foreclosure action. They claim that the foreclosure action is an unlawful collection of property taxes. Plaintiffs allege a violation of 18 U.S.C. §§ 241 and 242, a violation of real estate deed, conspiracy to commit real estate deed fraud, violation of the IRS Code, violation of 18 U.S.C. § 1951, infliction of emotional "stress," slander of title and credit, and infliction of emotional distress. *See* ECF No. 1 at PageID #: 10-12. Plaintiffs request damages in excess of $10 million, judgment in their favor, emergency injunctive relief, and an order vacating any judgments or orders entered in the state court. *See* ECF No. 1 at PageID #:12; ECF No. 4 at PageID #: 53.

## II. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). And the Court holds a *pro se* complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines*, 404 U.S. at 520). The Court is not required, however, to conjure unpleaded facts or construct claims on a *pro se* plaintiff's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

---

[1] A court may take judicial notice of facts contained in state court documents, including a state court docket sheet. *See Great Am. Ins. Co. v. GeoStar Corp.*, No. 09-12488-BC, 2010 WL 845953, at *19 (E.D. Mich. March 5, 2010) (citing Fed. R. Evid. 201(b)(2)).

2

(5:24CV1108)

Pursuant to *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999) (per curiam), a district court is permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Dismissal on a *sua sponte* basis is also authorized when the asserted claims lack an arguable basis in law, or if the district court lacks subject-matter jurisdiction over the matter. *Id.* at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

### III. Law and Analysis

#### A.

To the extent Plaintiffs are asking this Court to vacate the state court foreclosure judgment and enter judgment in their favor, the *Rooker-Feldman* doctrine bars this Court's consideration of their claims. Under the *Rooker-Feldman* doctrine "lower federal courts lack subject matter jurisdiction to review the decisions of state courts." *See Givens v. Homecomings Fin.*, 278 Fed.Appx. 607, 608-609 (6th Cir. 2008). *Rooker-Feldman* stops federal-court "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 609 (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Federal district courts do not have jurisdiction over challenges to state court decisions, even if those decisions are unconstitutional. *See D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

3

(5:24CV1108)

At their core, Plaintiffs' claims rest on the premise that the foreclosure judgment entered by the state court is wrong. Accordingly, the Court lacks subject matter jurisdiction over Plaintiffs' claims under the *Rooker-Feldman* doctrine. See [Kafele v. Lerner, Sampson & Rothfuss, L.P.A., 161 Fed.Appx. 487, 490 (6th Cir. 2005)](#) (affirming dismissal of claims resting on premise that a state foreclosure judgment was invalid).

In addition, the Court will not interfere with any pending state foreclosure proceedings. A federal court must decline to interfere with pending state proceedings involving important state interests, unless extraordinary circumstances are present. See [Younger v. Harris, 401 U.S. 37, 43-45 (1971)](#). Abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and, (3) the state proceedings afford an adequate opportunity to raise federal questions. [Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)](#).

Here, to the extent the foreclosure proceedings are still pending against Plaintiffs in connection with their purported ownership of the real property, all three factors supporting abstention exist. The matters presented in the Complaint ([ECF No. 1](#)) implicate important state interests. See [Doscher v. Menifee Circuit Ct., 75 Fed.Appx. 996 (6th Cir. 2003)](#). And there is no indication that Plaintiffs could not raise valid federal concerns in the context of the ongoing state proceeding. This Court must therefore abstain from interfering in the state foreclosure proceedings.

**B.**

"The standard for issuing a temporary restraining order is logically the same as for a preliminary injunction with emphasis, however, on irreparable harm given that the purpose of a

4

(5:24CV1108)

temporary restraining order is to maintain the status quo." *Doe v. Univ. of Cincinnati*, No. 1:15-CV-600, 2015 WL 5729328, at *1 (S.D. Ohio Sept. 30, 2015) (citing *Motor Vehicle Bd. of Calif. v. Fox*, 434 U.S. 1345, 1347 n.2 (1977)). "A district court must balance four factors in determining whether to grant a preliminary injunction: '(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the injunction; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of an injunction.' " *Am. Civil Liberties Union Fund of Mich. v. Livingston Cnty.*, 796 F.3d 636, 642 (6th Cir. 2015) (quoting *Bays v. City of Fairborn*, 668 F.3d 814, 818-19 (6th Cir. 2012)). Given the Court's determination that subject matter jurisdiction is lacking in the case at bar, the factors do not weigh in favor of injunctive relief.

### IV. Conclusion

Accordingly, Plaintiffs' Motion for Temporary Restraining Order and Permanent Injunction (ECF No. 4) is denied, and this action is dismissed pursuant to *Apple v. Glenn*.

    IT IS SO ORDERED.

|  |  |
|---|---|
|    July 8, 2024 |    */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
|  | United States District Judge |

5